**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3683
_____

TRANSPORTATION INSURANCE CO;
CONTINENTAL CASUALTY CO

v.

HEATHLAND HOSPITALITY GROUP LLC;
HEATHLAND HOSPITALITY GROUP LP;
JUDITH M. SERRATORE, As Administratrix of the
Estate of Frank J. Serratore and Ms. Serratore Individually,

Appellants
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-04525)
District Judge: Hon. Nitza I. Quiñones Alejandro
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 23, 2019
_____

Before: McKEE, SHWARTZ, and FUENTES, *Circuit Judges.*

(Opinion filed: July 26, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Transportation Insurance Company and Continental Casualty Company (collectively, "T&C") brought this declaratory judgment action against their insureds Heathland Hospitality Group, LLC, and Heathland Hospitality Group, LP (collectively, "Heathland"), and Judith M. Serratore, individually and as Adminstratrix of the Estate of Frank J. Serratore. At the summary judgment stage, the District Court concluded that T&C does not have a duty to defend and indemnify Heathland in a lawsuit brought by Mrs. Serratore against Heathland in Pennsylvania state court. Heathland and Mrs. Serratore now appeal that decision.

We conclude that the Court properly determined that the liquor liability exclusions in Heathland's insurance policies apply, and therefore T&C does not have a duty to defend and indemnify Heathland in Mrs. Serratore's suit. For the following reasons, we will affirm the District Court's order granting summary judgment in favor of T&C.

**I.**

In November 2010, Mrs. Serratore, individually and as Administratrix of the Estate of Frank J. Serratore, sued Woodbury Country Club, Heathland, and Michael Whittingham in Pennsylvania state court.[1] She later filed an amended complaint, asserting a common law negligence claim against Heathland.

---

[1] Mrs. Serratore also filed a nearly identical lawsuit in New Jersey state court. However, she subsequently withdrew that lawsuit. The only difference between the Pennsylvania state court action and the New Jersey state court action is that the New Jersey action was brought against additional defendants. On appeal, Heathland's briefing only cites to, and discusses, the claims made in the Pennsylvania state court action. Accordingly, we will only refer to the Pennsylvania state court action.

2

As alleged in the complaint, on November 16, 2008, Mrs. Serratore's husband was fatally injured when the car that he was driving was struck by another car in Gloucester Township, New Jersey. The other car was driven by Whittingham, who was allegedly intoxicated at the time of the accident. According to the complaint, earlier that day, Whittingham became intoxicated at the Woodbury Country Club, "a business establishment that sold alcoholic beverages."[2] "At all times relevant," Defendant Heathland "provided management, training, supervision and other services to and for Woodbury Country Club including food and beverage sales and services."[3]

In particular, the complaint alleged that the Country Club and/or Heathland (1) "sold or gave"[4] alcohol to Whittingham, who "became intoxicated,"[5] and (2) continued to serve him alcohol while he was "visibly intoxicated."[6] Whittingham then left the Country Club "visibly intoxicated," got into his car, and drove away from the Club.[7] At some point after leaving the Club, Whittingham was involved in the car accident that resulted in Mr. Serratore's death.

In her lawsuit, Mrs. Serratore alleged that Heathland was responsible for Whittingham's intoxication and her husband's resulting death because, among other things, Heathland (1) served and/or permitted alcohol to be served to Whittingham "to the

---

[2] App. 240 ¶ 6. *See id.* at 260 ¶ 33 (incorporating paragraphs 1 through 26 of the initial complaint into the amended complaint).
[3] *Id.* at 241 ¶ 7.
[4] *Id.* at 241 ¶ 8.
[5] *Id.* at 241 ¶ 9.
[6] *Id.*
[7] *Id.* at 241 ¶ 10.

point where he became visibly intoxicated,"[8] and also served and/or permitted alcohol to be served to Whittingham "when he was visibly intoxicated;"[9] (2) "fail[ed] to train, manage, supervise and oversee the sale of alcohol;"[10] and (3) failed to institute policies and procedures governing the "use and consumption of alcohol."[11]

Pursuant to the insurance policies that T&C had issued to Heathland,[12] Heathland sought a defense and indemnification from T&C for the claims asserted in the state court actions. By letter, T&C denied insurance coverage based on the policies' liquor liability exclusions.

In April 2015, Heathland and Mrs. Serratore entered into a settlement agreement entitled "Confidential Assignment and Covenant of Cooperation."[13] Under the agreement, Heathland consented to a $6 million judgment and assigned its rights against T&C to Mrs. Serratore. Heathland and Mrs. Serratore also entered into a Stipulated Judgment. In August 2015, a Pennsylvania court approved and entered the Stipulated Judgment against Heathland.

---

[8] *Id.* at 261 ¶ 35(a). The amended complaint includes two paragraphs which are labeled as paragraph 35. We are citing to the paragraph which appears on pages 3 through 5 of the complaint and includes subparagraphs (a) through (y).

[9] *Id.* at 261 ¶ 35(b).

[10] *Id.* at 263 ¶ 35(w).

[11] *Id.* at 261–62 ¶ 35(i).

[12] Specifically, Transportation Insurance Company had issued a commercial general liability policy to Heathland, while Continental Casualty Company had issued a commercial umbrella policy to Heathland**.**

[13] App. 740–50.

Thereafter, T&C filed this suit under the Declaratory Judgment Act,[14] seeking a declaration that it had no duty to defend and indemnify Heathland because the policies' liquor liability exclusions exempted it from those duties. The District Court granted T&C's motion for summary judgment, and denied Heathland's cross-motion for summary judgment. This appeal followed.

## II.[15]

We review the District Court's grant of summary judgment de novo.[16] Summary judgment is warranted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] We view all facts "in the light most favorable to the non-moving party" and draw all reasonable inferences in that party's favor.[18]

## III.

Under Pennsylvania law, to determine whether an insurer has a duty to defend its insured in a suit, we must compare "the four corners of the insurance contract to the four corners of the complaint."[19] Notably, "the particular cause of action that a complainant

---

[14] 28 U.S.C. § 2201.
[15] The District Court had jurisdiction under 28 U.S.C. §§ 2201(a) and 1332. We have jurisdiction under 28 U.S.C. §§ 2201(a) and 1291.
[16] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018).
[17] Fed. R. Civ. P. 56(a).
[18] *Jutrowski*, 904 F.3d at 288 (internal quotation marks and citation omitted).
[19] *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.,* 2 A.3d 526, 541 (Pa. 2010) (citation omitted).

pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint."[20] Those factual allegations "are to be taken as true and liberally construed in favor of the insured."[21]

Here, the general liability policy issued by Transportation Insurance Company contains a "Liquor Liability" exclusion, which provides:

> [t]his insurance does not apply to . . . '[b]odily injury' . . . for which any insured may be held liable by reason of:
>
> **(1)** Causing or contributing to the intoxication of any person;
>
> **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> *This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.*[22]

Furthermore, the umbrella policy issued by Continental Casualty Company also includes a nearly identical "Liquor Liability Limitation," which states:

> [t]his insurance does not apply to . . . '[b]odily injury' . . . for which any insured may be held liable by reason of:
>
> **(1)** Causing or contributing to the intoxication of any person;
>
> **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

---

[20] *Mut. Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999).
[21] *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999).
[22] App. 176–77 (emphasis added).

Unless, and then only to the extent that coverage is provided by 'scheduled underlying insurance.'[23]

On appeal, Heathland renews its argument that the liquor liability exclusions do not apply because it was not "in the business of . . . selling, serving, or furnishing alcoholic beverages" at the Country Club.[24] We disagree. The allegations in the complaint are that (1) Woodbury Country Club "was a business establishment that sold alcoholic beverages;"[25] (2) Heathland managed the Country Club's "food and beverage sales and services," and trained and supervised the Country Club's employees as to those sales and services;[26] and (3) the Country Club and/or Heathland "sold or gave alcoholic beverages to Defendant[] Whittingham who consumed the beverages on the premises of" the Country Club.[27] The complaint unequivocally alleges that Heathland was "in the business of . . . selling, serving or furnishing" alcohol at the Country Club.[28]

We likewise reject Heathland's contention that the liquor liability exclusions only apply to some of Mrs. Serratore's negligence-related theories of liability.[29] As

---

[23] *Id.* at 199–204. The general liability policy is one of the insurance policies defined in the umbrella policy as "scheduled underlying insurance." *Id.* at 193.

[24] *Id.* at 177.

[25] *Id.* at 240 ¶ 6.

[26] *Id.* at 241 ¶ 7.

[27] *Id.* at 241 ¶ 8.

[28] *Id.* at 177.

[29] Heathland's reliance on the Pennsylvania Superior Court's decision in *Penn-America Ins. Co. v. Peccadillos, Inc.* is misplaced. 27 A.3d 259 (Pa. Super. Ct. 2011) (en banc), *pet. for allowance of appeal denied,* 34 A.3d 832 (Pa. 2011). "Pennsylvania's Supreme Court tells us that an insurer's duty to defend turns on the allegations within the four corners of a complaint matched against the terms of the insurance policy." *Lupu v. Loan City, LLC*, 903 F.3d 382, 395 (3d Cir. 2018) (citing *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006)). Here, the complaint alleges that Whittingham "consumed" alcohol while on the premises of the

acknowledged by the District Court, while it is true that some of the claims do not explicitly refer to the provision of alcohol,[30] those claims are not independent from the provision of alcohol. Rather, all of Heathland's allegedly negligent acts and/or omissions are closely linked to Heathland and/or the Country Club's negligent furnishing of alcohol to Whittingham – conduct that is plainly covered by the exclusions.

The liquor liability exclusions thus apply and bar insurance coverage of all of Mrs. Serratore's claims against Heathland.[31] Accordingly, the District Court did not err by holding that T&C has no duty to defend and indemnify Heathland.[32] Moreover, contrary to Heathland's assertion, the District Court did not improperly decide genuine issues of material fact in reaching that holding. The Court's detailed opinion demonstrates that, in

---

Country Club, App. 241 ¶ 8, and not only "became intoxicated" but was also "served alcohol while visibly intoxicated," *Id.* at 241 ¶ 9. It further alleges that the Country Club and/or Heathland "sold or gave" the alcohol to Whittingham. *Id.* Thus, based on the allegations in the complaint, Mr. Serratore's fatal bodily injury is one for which Heathland "may be held liable by reason of . . . [c]ausing or contributing to the intoxication of" Whittingham, or "by reason of . . . furnishing" alcohol to Whittingham when he was "under the influence of alcohol." *Id.* at 176–77. Accordingly, under the four corners rule, all of Mrs. Serratore's negligence claims fall squarely within the liquor liability exclusions.

[30] For example, Mrs. Serratore alleges that Heathland was negligent for, among other things, "allowing the Defendant, Whittingham to exit the Woodbury Country Club after he became intoxicated and visibly intoxicated." *Id.* at 262 ¶ 35(m).

[31] Given our conclusion that the claims asserted in the state court actions fall within the liquor liability exclusions, we need not address whether the general liability policy's "Professional Services" exclusion applies. *Id.* at 179.

[32] Because the duty to defend is broader than the duty to indemnify, Heathland's claim for indemnification also fails. *See Kvaerner*, 908 A.2d at 896 n.7.

8

applying Pennsylvania's four corners rule, it correctly considered the plain meaning of the language in the exclusions.[33]

## IV.

For the reasons stated above, we affirm the District Court's order granting T&C's motion for summary judgment.

---

[33] *See Lupu*, 903 F.3d at 393 (recognizing that in Pennsylvania, "[g]enerally, an insurance policy's plain meaning controls" (citation omitted)).